# Exhibit A



| | |
|---|---|
| | **Service of Process Transmittal**<br>01/06/2020<br>CT Log Number 536921186 |

**TO:** DONNA DORBUCK
United Technologies Corporation
10 FARM SPRINGS RD
FARMINGTON, CT 06032-2577

**RE:** Process Served in North Carolina

**FOR:** United Technologies NC Corporation (Assumed Name) (Domestic State: DE)
United Technologies Corporation (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | STEVE ROBINSON, Pltf. vs. UNITED TECHNNOLOGIES CORPORATION and UNITED TECHNOLOGIES NC CORPORATION, ETC., DFTS. |
| **DOCUMENT(S) SERVED:** | Summons, Return, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Forsyth County Superior Court, NC<br>Case # 2019CVS7457 |
| **NATURE OF ACTION:** | Complaint for Breach of Implied Contract |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Raleigh, NC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/06/2020 postmarked on 12/30/2019 |
| **JURISDICTION SERVED:** | North Carolina |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after you have been served |
| **ATTORNEY(S) / SENDER(S):** | Ellis B. Drew, III<br>Craige Jenkins Liipfert & Walker LPP<br>110 Oakwood Drive, Ste. 300<br>Winston-Salem, NC 27103<br>336-725-2900 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/06/2020, Expected Purge Date: 02/05/2020<br><br>Image SOP<br><br>Email Notification, Cathy Bentley cathy.bentley@utc.com<br><br>Email Notification, DONNA DORBUCK donna.dorbuck@utc.com |
| **SIGNED:**<br>**ADDRESS:** | CT Corporation System<br>155 Federal St Ste 700<br>Boston, MA 02110-1727 |
| **For Questions:** | 800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Page 1 of 1 / MS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CERTIFIED MAIL**

91 7199 9991 7039 0908 5023


U.S. POSTAGE ›› PITNEY BOWES
ZIP 27103 $ 007.45⁰
02 4W
0000370493 DEC 30 2019



**Craige Jenkins Liipfert & Walker LLP**
Attorneys at Law
110 Oakwood Drive, Suite 300
Winston-Salem, NC 27103

United Technologies NC Corporation (a/k/a
Collins Aerospace) by serving its registered
agent: CT Corporate Systems
160 Mine Lake Court, Ste. 200
Raleigh, NC 27615-6417

| STATE OF NORTH CAROLINA | File No. 2019 CVS 7457 |
|---|---|
| Forsyth County | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name Of Plaintiff | |
|---|---|
| Steve Robinson | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| Address | |
| City, State, Zip | |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| Name Of Defendant(s) | Date Original Summons Issued |
| United Technologies Corporation and United Technologies NC Corporation (also known as Collins Aerospace) | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| United Technologies NC Corporation (a/k/a Collins Aerospace) by serving its registered agent: CT Corporate Systems<br>160 Mine Lake Ct., Ste 200<br>Raleigh    NC    27615-6417 | |

⚠ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!

Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time 3:05 ☐ AM ☒ PM |
|---|---|---|
| Ellis B. Drew, III<br>Craige Jenkins Liipfert & Walker LPP<br>110 Oakwood Drive, Ste. 300<br>Winston-Salem, NC 27103   (336)725-2900 | Signature | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| | **RETURN OF SERVICE** | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:
*Together with Plaintiff's First Set of Interrogatories and Request for Production of Documents to Defendant

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

| | |
|---|---|
| NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| FORSYTH COUNTY | 19 CVS ____ |

STEVE ROBINSON,

   Plaintiff,

v.

UNITED TECHNNOLOGIES
CORPORATION and
UNITED TECHNOLOGIES NC
CORPORATION (a/k/a COLLINS
AEROSPACE),

   Defendants.

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

---

NOW COMES Plaintiff Steve Robinson, by and through counsel, complaining of Defendant United Technologies Corporation and United Technologies NC Corporation (a/k/a Collins Aerospace) alleges and says:

1. Plaintiff is an individual, not under any disability, and a citizen and resident of Stokes County, North Carolina.

2. Upon information and belief, Defendant United Technologies Corporation is a corporation existing under the laws of the State of Delaware, transacts business in North Carolina, regularly solicits business in North Carolina, derives substantial revenue therefrom, and which has a principal place of business located in Winston-Salem, Forsyth County, North Carolina.

3. Upon information and belief, Defendant United Technologies NC Corporation is corporation duly existing under the laws of the State of Delaware, with a principal place of business in Winston-Salem, Forsyth County, North Carolina.

4.      Upon information and belief, Defendant United Technologies Corporation is also known as Collins Aerospace.

5.      Upon information and belief, Defendant United Technologies NC Corporation is also knowns as Collins Aerospace.

6.      Upon information and belief, Rockwell Collins, Inc. acquired B/E Aerospace, Inc. in or about 2016.

7.      In or about 2018, United Technologies Corporation acquired Rockwell Collins, formerly known as B/E Aerospace, Inc., and the combined companies are now known as Collins Aerospace.

8.      Upon information and belief, and at all times relevant hereto United Technologies NC Corporation, also known as Collins Aerospace and formerly known as B/E Aerospace, Inc. is a wholly owned subsidiary of United Technologies Corporation.

9.      United Technologies Corporation and United Technologies NC Corporation (formerly known as B/E Aerospace and now known as Collins Aerospace) and hereinafter collectively referred to as "Collins Aerospace."

10.     Mr. Robinson has worked at B/E Aerospace and its successor companies for 45 years.

11.     As part of the acquisition, Collins Aerospace offered voluntary buyouts to certain employees throughout the company. Collins Aerospace issued a press release stating that:

> "In general, the employees who are eligible to participate in the (Voluntary Separation Program) include full-time or part-time employees who are based in the United States and Oakville, Canada. They must be salary exempt or non-exempt and non-executive employees and must be classified as indirect labor."

12.     Steve Robinson remained an employee throughout the various acquisitions and mergers, until his retirement from Collins Aerospace in October 2019.

2

13. Mr. Robinson was 75 years old when the severance program was put into effect. When he learned of the program, he was interested in it and it sounded like a good opportunity. When he began asking fellow employees about the program, many told him the offer had already been made to eligible employees and several had accepted the offer.

14. Mr. Robinson was puzzled as to why he did not receive the offer and was excluded from the Voluntary Separation Program. Mr. Robinson spent weeks going to Human Resources and various supervisors trying to get an answer as to why he was excluded from the program. Finally, he was told that he was a "direct employee" and that direct employees were not eligible.

15. Mr. Robinson was a direct employee. For years he has worked on particular orders. His hours are charged against a particular charge number based on the customer order. However, he never received any special benefits, and was not treated different from any other employee or other engineer at Collins Aerospace.

16. Because Mr. Robinson is 75 years old and nearing retirement, Collins Aerospace used the direct labor/indirect labor as a pretense to exclude him from the Voluntary Separation Program.

17. Numerous other younger employees received the severance package.

18. Collins Aerospace figured that he was going to retire anyway, and therefore, could save themselves some money by finding a pretense to exclude him from the Voluntary Separation Program.

19. During his four dozen plus years with B/E Aerospace and its successor companies, Mr. Robinson rarely missed work and was an exemplary employee. Despite

3

his long history of exemplary performance with the company, the company excluded him from the Voluntary Separation Program.

## FIRST CLAIM FOR RELIEF
### (Negligent Misrepresentation)

20. The allegations of paragraphs 1 through 19 above are realleged and incorporated herein by reference as if fully set forth.

21. Collins Aerospace represented to employees that it was offering a Voluntary Separation Program. Mr. Robinson assumed the Program included Mr. Robinson, yet when he inquired about the severance package, he was told he was excluded.

22. Collins Aerospace owed Mr. Robinson, a longtime employee of the company's predecessor, a duty of care to not negligently misrepresent the eligibility or requirements for the Voluntary Separation Program.

23. Mr. Robinson made reasonable inquiry regarding the eligibility of the Voluntary Separation Program, making multiple inquiries of the human resources department for Collins Aerospace.

24. Mr. Robinson was denied the opportunity to discover the true facts of the eligibility requirements for the Voluntary Separation Program.

25. Mr. Robinson justifiably relied on these representations of Collins Aerospace to his detriment.

26. Collins Aerospace presented and advertised the Voluntary Separation Program without reasonable care.

27. As a result of the negligent misrepresentations of Collins Aerospace, Mr. Robinson has been damaged in an amount in excess of $100,000.00 and is entitled to recover these damages from Collins Aerospace.

## SECOND CLAIM FOR RELIEF
(Breach of Implied Contract)

28. The allegations of paragraphs 1 through 27 above are realleged and incorporated herein by reference as if fully set forth.

29. Collins Aerospace offered a Voluntary Separation Program to employees. The company advertised this program internally and within the media. It was the intent of Collins Aerospace that in exchange for Mr. Robinson's work for the company, and in connection with the acquisition by the Defendant, Collins Aerospace would provide Mr. Robinson with participation in the Voluntary Separation Program.

30. Mr. Robinson accepted Collins Aerospace's offer to participate in the Voluntary Separation Program.

31. The parties did not document the terms of this contract in the form of an express contract, but rather there was an agreement in fact between the parties as evidenced by their conduct.

32. Mr. Robinson adhered to the terms of the implied contract and continued to work as required up until his retirement.

33. Collins Aerospace breached the implied contract by failing to pay the Voluntary Separation Program to Mr. Robinson.

34. As a result of Collins Aerospace's breach of implied contract, Mr. Robinson has been damaged in an amount in excess of $100,000.00.

## THIRD CLAIM FOR RELIEF
(Unjust Enrichment)

35. The allegations of paragraphs 1 through 34 above are realleged and incorporated herein by reference as if fully set forth.

36. In the event the Court does not find that the parties entered into a valid implied contract, which Mr. Robinson denies, Mr. Robinson asserts in the alternative to his claim for breach of implied contract, one for unjust enrichment.

37. Mr. Robinson conferred a benefit upon Collins Aerospace by working for the company throughout the transition between the company and its predecessors and in the form of his continued work for Collins Aerospace. Collins Aerospace benefited from Mr. Robinson's long-term employment and from his continued work.

38. Mr. Robinson's continued work for Collins Aerospace was not done gratuitously, rather Mr. Robinson understood and believed that he would be compensated through the Voluntary Separation Program.

39. Collins Aerospace accepted the benefit of Mr. Robinson's continued and faithful work and did so with the knowledge that Mr. Robinson desired and expected to participate in the Voluntary Separation Program.

40. Collins Aerospace has been unjustly enriched by failing to compensate Mr. Robinson through the Voluntary Separation Program. As a result, Mr. Robinson has been damaged in an amount in excess of $100,000.00.

WHEREFORE, Plaintiff prays:

1. That the Plaintiff recover damages from Collins Aerospace in an amount in excess of $100,000.00 for the company's negligent misrepresentations;

2. That the Plaintiff recover damages from Collins Aerospace in an amount in excess of $100,000.00 for breach of implied contract;

3. That the Plaintiff recover his costs incurred in this case;

4. For a trial by jury; and

5. For such other and further relief as the Court deems just and proper.

This the 19th day of December, 2019.

CRAIGE JENKINS LIIPFERT & WALKER LLP
*Attorneys for Plaintiff*

_____
Ellis B. Drew, III
N. C. State Bar No. 12934
BoD@craigejenkins.com
110 Oakwood Drive, Suite 300
Winston-Salem, NC 27103
(336) 725-2900

7